**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

HUBERT ADKINS,

                Plaintiff,

v.                               CIVIL ACTION NO.  5:08-cv-01197

AUDI OF AMERICA, INC.,

                Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiff's Motion to Remand [Docket 5].  This case was originally filed in the Circuit Court of Wyoming County, West Virginia, on September 10, 2008. Defendant removed the case to this Court on October 17, 2008, on the basis of diversity jurisdiction. Plaintiff now alleges that the amount-in-controversy requirement has not been met and seeks a remand of the case back to the Circuit Court of Wyoming County.

*I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On June 5, 2007, Plaintiff purchased a 2006 Audi A3 from Bert Wolfe Ford-Porsche-Audi, Inc., in Charleston, West Virginia, for a purchase price of $27,536.84, including tax and title. Plaintiff alleges that, since the purchase date, the car has broken down on three separate occasions.[1] Plaintiff further alleges that despite Defendant's attempts to repair the car, it nevertheless fails to conform to the four-year, 50,000 mile express-warranty provisions articulated on the purchase date.

---

[1]  These breakdowns are allegedly due to overheating, causing the temperature gauges to go up and the air conditioning to blow only hot air.  (Docket 1 at 6 ¶ 7.)

Plaintiff filed the instant lawsuit under West Virginia's lemon law, W. Va. Code § 46A-6A-1 *et seq.*, seeking damages "including but not limited to a refund of the purchase price of th[e] vehicle; . . . $20,000.00 in annoyance and inconvenience damages; $20,000.00 in costs and attorney's fees; and other such relief as may be deemed appropriate."  (Docket 1 at 9.)

Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332, alleging that there is complete diversity between the parties and that the amount-in-controversy requirement is met because the damages sought by Plaintiff will exceed $75,000.00 if he prevails.  Plaintiff filed his Motion to Remand [Docket 5] on November 19, 2008, and Defendant filed its Response [Docket 8] on December 4, 2008.  The briefing is complete, and the matter is now ripe for the Court's review.

## II.  APPLICABLE LAW

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand.  *Id.*

Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount.  *Mullins v. Harry's Mobile Homes, Inc.*,

861 F. Supp. 22, 23 (S.D. W. Va. 1994) (Faber, J.).  When a case is originally filed in federal court, jurisdiction is proper where the parties are diverse "unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount."  *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (internal quotation marks and alterations omitted).  Where, however, "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount."  *Id.*  "In addressing the propriety of federal jurisdiction in a removal action, courts base their decision on the record existing at the time the petition for removal was filed."  *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001) (Haden, C.J.).

### III.  ANALYSIS

Plaintiff's sole contention is that Defendant has not established that the amount-in-controversy requirement has been met.  In support of this contention, Plaintiff relies on *Adkins v. Gibson*, 906 F. Supp. 345 (S.D. W. Va. 1995) (Haden, C.J.), for the proposition that "the amount asserted by the Plaintiff to be in contest is the controlling factor if that claim is made in good faith, and otherwise it must appear to a 'legal certainty' that the amount would be for less than the threshold requisite for removal."  (Docket 6 at 4.)  Plaintiff further asserts that the sole issue is "whether or not the Plaintiff's *ad damnum* clause is tinged with intent to avoid federal jurisdiction."  (*Id.*)

Plaintiff's reliance on *Adkins* is misplaced.  Notably, Chief Judge Haden's "legal certainty" analysis in *Adkins* has been abrogated by his subsequent holding in *McCoy*, 147 F. Supp. 2d at 489

3

("[T]he Court will apply the preponderance standard to *all* removal, amount-in-controversy disputes.") (emphasis added).  Moreover, the undersigned District Judge has recently applied the preponderance standard when a plaintiff challenged a defendant's removal on amount-in-controversy grounds.  *See Wickline v. Dutch Run-Mays Draft, LLC*, ___ F. Supp. 2d ___, 2009 WL 874524 (S.D. W. Va. 2009) (Johnston, J.).  Thus, although Defendant has sufficiently pled the amount in controversy in its notice of removal, it now bears the burden of showing, by a preponderance of the evidence, that jurisdiction is proper.[2]

Examining the record as it existed at the time of removal—which consists solely of Plaintiff's complaint and Defendant's notice of removal—it appears that Defendant has not met its burden.  In his complaint, Plaintiff seeks "damages available . . . under the terms and provisions of [the lemon law]."  (Docket 1 at 9.)  Under West Virginia's lemon law, a plaintiff may recover:

> (1) Revocation of acceptance and refund of the purchase price, including, but not limited to, sales tax, license and registration fees, and other reasonable expenses incurred for the purchase of the new motor vehicle, or if there be no such revocation of acceptance, damages for diminished value of the motor vehicle;

> (2) Damages for the cost of repairs reasonably required to conform the motor vehicle to the express warranty;

> (3) Damages for the loss of use, annoyance or inconvenience resulting from the nonconformity, including, but not limited to, reasonable expenses incurred for replacement transportation during any period when the vehicle is out of service by reason of the nonconformity or by reason of repair; and

---

[2]  In its brief, Defendant properly states that when a removing defendant's allegations of diversity jurisdiction are challenged via a motion to remand, "the removing party has the burden of making a showing . . . that diversity jurisdiction is appropriate."  (Docket 8 at 6.)  However, Defendant's contention that "the removing party's burden does not exceed that of a plaintiff seeking to show that federal jurisdiction indeed exists as he has alleged in his original complaint," (*id.*), misses the mark.  *See Wickline*, ___ F. Supp. 2d at ___, 2009 WL 874524, at *3 (noting the distinction between properly pleading jurisdiction in a notice of removal and sufficiently showing that jurisdiction is proper when challenged via a motion to remand).

4

(4) Reasonable attorney fees.

W. Va. Code § 46A-6A-4(b).

In the complaint, Plaintiff alleges that the purchase price of the car was $27,536.84.[3]  In addition to this amount, Plaintiff would also be entitled to damages for "sales tax, license and registration fees, and other reasonable expenses incurred for the purchase of the new motor vehicle." W. Va. Code. § 46A-6A-4(b)(1).  Although it is unclear which, if any, of these categories were included in the purchase price, Defendant has not produced any evidence that the value of these damages would exceed the amount claimed.

Further, although Plaintiff expressly seeks $20,000 in damages for loss of use, annoyance, and inconvenience, such a limitation on the amount is not binding on the Court in the absence of an express waiver in the record.  *McCoy*, 147 F. Supp. 2d at 485 ("In the final analysis it is not the amount stated in the *ad damnum* clause but the actual proof of the plaintiffs damages which will control the issue.") Based on the record, however, the Court is unable to conclude that these unliquidated damages would exceed that amount.  There is simply no evidence—aside from the three breakdowns alleged in the complaint—regarding the amount or type of loss of use, annoyance, or inconvenience Plaintiff suffered in this case.

Additionally, should Plaintiff prevail in this action, he would be entitled to reasonable attorney fees, which, because they are provided for by statute, may be calculated as part of the amount in controversy.  *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 134 (1933).  Again,

---

[3] This figure is inconsistent with Plaintiff's assertion in his motion to remand that the purchase price was $29,998.00.  (Docket 6 at 3.)  Nevertheless, the Court must confine its analysis to the record as it existed at the time the notice of removal was filed.

5

Defendants have presented no evidence that the attorney fee award would exceed the amount claimed.[4]

Finally, there is no evidence in the record whatsoever regarding the amount Plaintiff may recover for repair costs. Without that evidence, and absent any express demand by Plaintiff as to that element of damages, the Court is unable to conclude precisely how much Plaintiff might recover in repair costs, if any. Thus, without any evidence in the record at the time of removal, the Court is left with the allegations in the complaint to evaluate whether jurisdiction is proper. When those figures are added together—$27,536.84 purchase price, plus $20,000 annoyance and inconvenience, plus $20,000 attorney fees—the total is $67,536.84. Accordingly, because Defendant has not shown by a preponderance of the evidence that Plaintiff would recover in excess of $75,000 if he prevails, the Court **FINDS** that the amount-in controversy requirement has not been met.

*IV.   CONCLUSION*

For the reasons stated above, Plaintiffs' Motion to Remand [Docket 5] is **GRANTED**. The case is hereby **REMANDED** to the Circuit Court of Wyoming County, West Virginia, and the Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of Wyoming County.

**IT IS SO ORDERED.**

---

[4] Defendant cites to a case from the Circuit Court of Kanawha County, West Virginia, to support its claim that it "is aware of at least one other Lemon Law case in which a great deal more than $20,000 was awarded in fees after a jury award of just $6,950.00." (Docket 8 at 11.) Absent evidence regarding the amount of time and effort expended by the attorneys, however, any comparison to a fee award in a separate case is inapposite. The work required to prepare the instant case for trial may vary in amount and degree and might result in an entirely disparate damages award than what a jury awarded in a separate case. Thus, Defendant's citation to the Kanawha County case is of little value in this analysis.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          May 7, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

7